### No. 162
### GILDERSLEEVE v. NEWTON STEEL CO.
Ohio Supreme Court
No. 17975. Feb. 19, 1924

**1283. WORKMEN'S COMPENSATION—** The term "wilful act" employed in 1465-76 GC. imports an act of will and design and of conscious intention to inflict injury upon some person—Gross negligence alone is not a wilful act under this section.

JONES, J.

#### Epitomized Opinion

First Publication of this Opinion

Original action for damages in the Common Pleas of Trumbull county, wheren Thomas Gildersleeve was plaintiff and the Newton Steel Co. was defendant. Plaintiff, who was employed as foreman in defendant's mill, went to a tool closet in the mill to obtain some tongs for use in his work. While unlocking the door he received an electric shock from the electrically charged door and was injured.

The petition alleged that defendant company, through its officers, agents ad employes maliciously and wilfully caused the door to be so wired. At the close of plaintiff's testimony and again at the close of the evidence defendant moved for a directed verdict. Both motions were overruled and the verdict and judgment were for plaintiff. Defendant brought error proceedings to the Court of Appeals which reversed the judgment and remanded the cause on the ground that the trial court should have granted defendant's motion for a directed verdict at the close of plaintiff's evidence because there was no evidence offered by plaintiff to show a wilful act on the part of defendant, its officers or agents. On this ruling plaintiff prosecuted error to the Supreme Court. Held:

By 1465-76 GC. an employe may not recover from an employer who has complied with the workmen's compensation act unless the injury arose from the wilful act of the employer or of its officers or agents. A "wilful act" is one done knowingly and purposely with the direct object of injuring another. Although evidence was given that the door of the closet was wired and by whom there was no testimony showing the purpose of the wiring. It was incumbent on plaintiff to prove that the act was consciously done for the purpose of injuring another. This, plaintiff did not do. Judgment of the Court of Appeals affirmed.

Attorneys—Warren Thomas and C. H. Woodworth, for Gildersleeve; Kennedy, Manchester, Conroy & Ford and Fillius & Fillus, for Newton Steel Co.

---

# Weekly Abstract
# Of Pending Cases

These cases have been filed in the Supreme Court, and most of them are for hearing there on motion to certify the record. The references to The Abstract above each case direct the reader to the paragraph telling of the filing of the case, and give the character of the hearing.

These reports are published exclusively in The Abstract.

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.